IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MIKE LOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>JULIA METZGER; the STATE OF ALASKA; and the STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,<br><br>                Defendants. | Case No. 4:22-cv-00001-JMK<br><br>**SECOND SCREENING ORDER** |

Plaintiff Mike Lott, a self-represented prisoner, has filed a *Second Amended Prisoner's Complaint Under the Civil Rights Act (42 U.S.C. § 1983)* at Docket 14.[1] Lott has paid his filing fee. He also has filed two motions for court-appointed counsel.[2] The Court again screens Lott's complaint under 28 U.S.C. § 1915A.

### I. SCREENING REQUIREMENT

Federal law requires courts to conduct an initial screening of any civil lawsuit filed by a prisoner who seeks redress from a governmental entity, government officer, or

---

[1] Mr. Lott submitted a First Amended Complaint prior to the Court's initial screening. An amended complaint replaces the prior complaint in its entity. *See* Local Civil Rule 15.1; *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The Court screened the First Amended Complaint, found it failed to state a claim, but granted leave to amend. Docket 11.

[2] Dockets 12 & 13.

an employee of a governmental entity.³ The law says that the court shall identify any cognizable claims in the prisoner's complaint, and that the court shall dismiss the prisoner's complaint, or any parts thereof, if they are:

> (i) frivolous, malicious, or fail to state a claim upon which relief can be granted; or
>
> (ii) seek monetary relief against a defendant who is immune from such relief.⁴

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."⁵ When determining whether a self-represented prisoner's complaint states a claim upon which relief can be granted, the court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."⁶

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.⁷ Futility exists when "the allegation

---

³ 28 U.S.C. § 1915A(a).
⁴ 28 U.S.C. § 1915A(b).
⁵ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).
⁶ *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
⁷ *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

*Lott v. Metzger, et al.* Case No. 4:22-cv-00001-JMK
Screening Order Page 2
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 2 of 15

of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

## II. DISCUSSION

Lott's Second Amended Complaint asserts claims against Julia Metzger, the State of Alaska, and the Alaska Department of Corrections under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.[9] He seeks $50 million in damages and $150 million in punitive damages.[10] He does not seek any injunctive relief.[11]

But, as this order explains, Lott has not sufficiently alleged facts that, if true, would state a claim on which relief may be granted. Section 1983 has specific statutory requirements that only allow claims to succeed when the plaintiff has been deprived of a federal constitutional or civil right by a person acting under color of state law. Lott's Second Amended Complaint does not allege any such facts. Accordingly, the Court will dismiss Lott's Second Amended Complaint, but it again will grant him leave to amend his complaint in accordance with this order.

### A. Lott's Allegations

#### (1) Julia Metzger

In Claim 1, Lott alleges that Julia Metzger is a defense attorney with the Alaska Office of Public Advocacy's Rural Defense Section who represents Lott in several pending Alaska state criminal cases. Lott alleges that Metzger has violated his

---

[8] *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[9] *See* Docket 14.
[10] Docket 14 at 8.
[11] *See* Docket 14 at 8.

*Lott v. Metzger, et al.*            Case No. 4:22-cv-00001-JMK
Screening Order            Page 3
Case 4:22-cv-00001-JMK Document 19 Filed 10/14/22 Page 3 of 15

constitutional due process rights because she: (1) will not file motions regarding double jeopardy, bail review, evidentiary hearings, or to suppress evidence; (2) will not hold an evidentiary hearing before trial; (3) "told me I'm going to get convicted"; (3) is biased against him based on his race; and (4) has "failed to perform as an attorney."[12] He further alleges he has submitted a bar grievance, that he has told the judge he would like to fire Metzger, and that she "waived my Rule 45" without his consent.[13]

**(2) The State of Alaska**

In Claim 2, Lott alleges that the State of Alaska violated his constitutional right to "freedom from cruel and unusual punishment" by falsely arresting and imprisoning him. Lott's complaint alleges a dense set of information that is difficult to parse. As the Court interprets his complaint, Lott alleges that:

- He went to trial in Case No. 4BE-19-00402CR and jury "returned a verdict of not guilty";

- In another case, No. 4BE-21-00626CR, he was charged with attempted murder in the first degree, attempted assault in the first degree, and assault in the third degree; "all charges were disposed" by dismissal, but then he was reindicted on the same charges despite "[c]onvicted fraud on the court. Fabricated evidence. Relevant evidence. On same evidence that been dismissal [sic] on 4BE-21-00626CR."

- In a third case, No. 4BE-21-01125CR, he was charged with assault in the fourth degree as the result of a state trooper's "bias[ed] investigation," was given excessive bail of $50,000, and was subject to double jeopardy.[14]

---

[12] Docket 14 at 3.
[13] Docket 14 at 3.
[14] Docket 14 at 4. In Claim 2, Lott's amended complaint also says, "Black money in the field." The meaning of this phrase is unclear to the Court.

### (3) The Alaska Department of Corrections

In Claim 3, Lott alleges that the Alaska Department of Corrections violated his constitutional right to "freedom from cruel and unusual punishment" by falsely imprisoning him. Lott alleges that he twice was falsely imprisoned: first from April 15, 2019, to November 8, 2019, between his arrest and subsequent acquittal in Case No. 4BE-19-00402CR; and again from July 3, 2020, until January 27, 2021, upon his arrest in Case No. 4BE-20-00740CR. Lott alleges that he was falsely imprisoned, and that during his alleged false imprisonment he suffered "mental pain, anxiousness, anxiety," and "was not able to attend hearings for CINA case."[15]

### B. Legal Standard—Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[16] A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Rule 8 also requires that "each allegation must be simple, concise, and direct."[17]

Factual allegations may not be speculative, but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[15] Docket 14 at 5.
[16] Fed. R. Civ. P. 8(a).
[17] Fed. R. Civ. P. 8(d).

*Lott v. Metzger, et al.*     Case No. 4:22-cv-00001-JMK
Screening Order     Page 5
Case 4:22-cv-00001-JMK    Document 19    Filed 10/14/22    Page 5 of 15

misconduct alleged."[18]  While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19]  A complaint is insufficiently pleaded if it offers "naked assertions devoid of further factual enhancement."[20]  A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

With the exception of Claim 1, Lott makes broad allegations that are difficult to parse.  Rule 8 requires concise, specific pleading in order to establish a defendant's liability.  Blanket assertions are insufficient to state a claim.  Beyond this, civil rights actions pursuant to Section 1983 have strict elemental pleading requirements.  As explained below, Lott's claims fail to meet any and all of the required elements of a Section 1983 claim, because he fails to name a state actor eligible for suit or establish a violation of a federal constitutional or statutory right.

C.    Legal Standard—Section 1983 Claims

Section 1983 of Title 42 of the U.S. Code creates a "cause of action" that allows a plaintiff to sue "any person who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."[21]  To state a claim for relief under § 1983, "plaintiffs must plead that (1) the defendants acting

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[19] *Id.*
[20] *Id.* (internal citations and quotations omitted).
[21] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 936 (9th Cir. 2003) (quoting 42 U.S.C. § 1983).

*Lott v. Metzger, et al.*  
Screening Order  
Case No. 4:22-cv-00001-JMK  
Page 6  
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 6 of 15

under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.'"[22]

### (1) The defendant must have been a state actor

For a defendant to be liable under § 1983, the defendant must have been a person "acting under the color of state law."[23] A defendant has acted under color of state law if he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[24]

### (2) The defendant must have violated one of the plaintiff's pre-existing federal constitutional or statutory rights

Section 1983 does not confer federal constitutional or statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[26] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[27]

---

[22] *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313–14 (9th Cir. 1989) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).
[23] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[24] *Id.* (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[26] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).
[27] *Galen v. Cnty. of L.A.*, 477 F.3d 652, 662 (9th Cir. 2007).

*Lott v. Metzger, et al.*                                                               Case No. 4:22-cv-00001-JMK
Screening Order                                                                             Page 7
Case 4:22-cv-00001-JMK    Document 19   Filed 10/14/22   Page 7 of 15

**D.     Why Lott's Complaint Fails to State a Claim**

As this section explains, the deficiency of Lott's Second Amended Complaint is that the facts he alleges regarding Claims 1, 2, and 3, even if taken as true and construed in the light most favorable to him, do not establish any claims upon which relief can be granted under § 1983.

**(1)     Claim 1 (Metzger)**

First, Lott's allegations against Julia Metzger, even if true, would not make her liable to him under § 1983. This is because Lott's allegations against Metzger all involve her work as a public defender representing him in his pending state criminal cases. Both the U.S. Supreme Court and the U.S. Court of Appeals for the Ninth Circuit—whose decisions are mandatory, binding precedent for this Court—have ruled that public defenders do not act "under color of state law" when they work as their clients' defense lawyers, even though many public defenders work for public agencies and are paid with state funds.[28] Therefore, even if Lott's allegations that Metzger deprived him of his constitutional rights are true, she cannot have done so while acting "under color of state law," which is one of the two elements of § 1983 liability. As previously instructed, Metzger is not a proper defendant. Accordingly, Claim 1 of Lott's Second Amended Complaint fails to state a claim upon which relief can be granted.

---

[28] *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

*Lott v. Metzger, et al.*  Case No. 4:22-cv-00001-JMK
Screening Order  Page 8
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 8 of 15

### (2) Claim 2 (State of Alaska)

Second, Lott's allegations against the State of Alaska, even if true, would not make the State liable to him under § 1983. Section 1983 allows plaintiffs to sue "[e]very person" who deprives them of their constitutional rights under color of state law.[29] But the State of Alaska, like other U.S. states, is a sovereign entity that is not a "person" for the purposes of § 1983 because of its immunity under the Eleventh Amendment.[30] Because the State of Alaska is immune from being sued under § 1983 without its consent, Lott's allegations, even if they are true, cannot establish that the State is liable to him under that section. As previously instructed, the State of Alaska is not a proper defendant. Accordingly, Claim 2 of Lott's Second Amended Complaint fails to state a claim upon which relief can be granted.

### (3) Claim 3 (Alaska Department of Corrections)

Third, Lott's allegations against the Alaska Department of Corrections, even if true, would not make the Department liable to him under § 1983. The immunity against § 1983 lawsuits the Eleventh Amendment gives to States also applies to state governmental departments and agencies if they are "arms of the State."[31] The Ninth Circuit and the other U.S. district courts in this circuit have consistently ruled that states' Departments of Corrections are "arms of the state" that are immune from being sued under § 1983 unless

---

[29] 42 U.S.C. § 1983.
[30] *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Under the *Ex parte Young* exception, a state official sued in his or her official capacity can be a "person" under § 1983 if the lawsuit seeks only prospective injunctive relief, not money damages. *Id.*
[31] *Id.* (quoting *Will*, 491 U.S. at 70).

*Lott v. Metzger, et al.*     Case No. 4:22-cv-00001-JMK
Screening Order     Page 9
Case 4:22-cv-00001-JMK    Document 19    Filed 10/14/22    Page 9 of 15

the state consents.[32] This Court previously has concluded that the Alaska Department of Corrections is an "arm of the state" for § 1983 purposes,[33] although the Ninth Circuit has never addressed the question. Because the Alaska Department of Corrections is immune from suit under § 1983, Lott's allegations, even if they are true, cannot establish that the Department is liable to him under that section. As previously instructed, the Alaska Department of Corrections is not a proper defendant. Accordingly, Claim 3 of Lott's Second Amended Complaint fails to state a claim upon which relief can be granted.

E. **Younger Abstention Regarding Claim 2**

To the extent that Claim 2 of Lott's Second Amended Complaint asserts facts that might constitute claims against the State of Alaska regarding his pending criminal cases, it appears to the Court that *Younger* abstention would bar the Court from exercising jurisdiction over such claims. *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[34] requires that "[w]hen there is a parallel, pending state

---

[32] *E.g.*, *Hale v. State of Ariz.*, 993 F.2d 1387, 1399 (9th Cir. 1993) ("We have no trouble concluding that the Arizona Department of Corrections is an arm of the state."); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (holding that Arizona DOC was an "arm of the State" and not a "person" under § 1983); *Garnica v. Wash. Dep't of Corrs.*, 965 F. Supp. 2d 1250, 1276 (W.D. Wash. 2013) ("A state's department of corrections is an arm of the state for purposes of claims brought under 42 U.S.C. § 1983."); *Watkins v. Cal. Dep't of Corrs.*, 100 F. Supp. 2d 1227, 1229 n.2 (C.D. Cal. 2000) ("It is beyond dispute that [California DOC] is an arm of the State of California and, as such, is presumptively entitled to Eleventh Amendment immunity."); *Moreno v. State of Cal.*, 25 F. Supp. 2d 1060, 1063 (N.D. Cal. 1998) (concluding that California DOC had Eleventh Amendment immunity against § 1983 lawsuits); *Ingram v. Keyes*, No. 2:19-cv-00197-SAB, 2020 WL 249467, at *1 (E.D. Wash. Jan. 16, 2020) (concluding that Washington DOC was an "arm of the state"); *see also, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that suit against the State [of Alabama] and its Board of Corrections is barred by the Eleventh Amendment . . . .").

[33] *E.g.*, *Tholson v. Hises*, No. 3:21-cv-00164-SLG, 2021 WL 3891988, at *3 (D. Alaska Aug. 31, 2021); *Genaro v. Alaska Dep't of Corrs.*, No. 3:20-cv-00246-JMK, 2021 WL 6772969, at *4 (D. Alaska Feb. 4, 2021).

[34] 401 U.S. 37 (1971).

*Lott v. Metzger, et al.*  Case No. 4:22-cv-00001-JMK
Screening Order  Page 10
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 10 of 15

criminal proceeding, federal courts must refrain from enjoining the state prosecution."[35]

*Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[36]

A state proceeding is ongoing for the purposes of *Younger* until the state appellate review process is complete.[37] In summary, if Plaintiff's state court criminal case(s) remain open and active in the state court system, the Court must abstain from hearing his case here to avoid interfering with the state court case(s).

Although Lott has insufficiently pleaded Claim 2, the Court takes judicial notice that *State of Alaska v. Mike Lott,* No. 4BE-21-00626CR, and *State of Alaska v. Mike Lott*, No. 4BE-21-01125CR, are ongoing criminal proceedings in the Alaska Superior Court.[38] In these two cases, the State of Alaska has charged Lott with: one count of Murder in the First Degree, an unclassified felony; two counts of Assault in the Third Degree, a class C felony; and one count of Assault in the Fourth Degree, a class A misdemeanor.[39] Both actions are state criminal proceedings that are judicial in nature. The State of Alaska

---

[35] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).
[36] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).
[37] *Gilbertson v. Albright,* 381 F.3d 965, 969 n.4 (9th Cir. 2004).
[38] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Judicial notice*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks omitted); *see also* Fed. R. Evid. 201.
[39] *State of Alaska v. Mike Lott,* Case No. 4BE-21-00626CR and *State of Alaska v. Mike Lott*, Case No. 4BE-21-01125CR ("Party Charge Information").

*Lott v. Metzger, et al.*     Case No. 4:22-cv-00001-JMK
Screening Order     Page 11
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 11 of 15

has a significant duty to enforce its criminal laws; therefore, implicating an important state interest. The Superior Court of Alaska provides Lott with a forum and opportunities to contest federal constitutional matters. Further, both the docket information and Lott's own pleadings establish that he is represented by counsel in these cases through the Office of Public Advocacy. Lott's counsel can raise constitutional challenges and may have done already done so in prior motions or hearing practice.[40] On these factors alone, the Court must abstain under *Younger*.

Most critical to the Court's analysis is that Lott's allegations attempt to create parallel civil litigation in a federal court. The allegations Lott raises here indicate to the Court that Lott seeks to disrupt his ongoing state court criminal matter(s) through federal civil litigation by attempting to raise claims of fabricated evidence. But Lott's allegations lack particularity or any factual details that might support federal court intervention due to bad faith, harassment, or extraordinary circumstances that would compel this Court to set aside the longstanding *Younger* abstention doctrine. Therefore, despite this being an action for damages, the Court must abstain and decline jurisdiction over any allegations regarding the State's ongoing prosecutions of Lott, because exercising jurisdiction would have the practical effect of enjoining these ongoing state criminal proceedings.

**IT IS THEREFORE ORDERED THAT:**

---

[40] *Supra* note 39 ("Docket Information").

1. Plaintiff's Second Amended Complaint at Docket 14 is dismissed for failure to state a claim upon which relief may be granted. The Court grants limited, conditional leave to amend.

    a. Plaintiff may not bring claims against Defendants Metzger, the State of Alaska, or the Alaska Department of Corrections, because, as explained twice, they are not proper defendants for suit pursuant to 42 U.S.C. § 1983.

    b. Plaintiff may not bring claims related to that *State of Alaska v. Mike Lott,* Case No. 4BE-21-00626CR and *State of Alaska v. Mike Lott*, 4BE-21-01125CR, because the Court must abstain from exercising jurisdiction under the *Younger* doctrine.

    c. Should Plaintiff bring claims related to cases he alleges are dismissed, he should provide exhibits to support that those cases have been dismissed.

2. Plaintiff has until **November 14, 2022**, to file either:

    a. A Third *Amended Complaint*, in which Plaintiff restates his claims with additional factual details. Any Amended Complaint *should be on this Court's form*, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaint in its entirety.[41]

    b. A *Notice of Voluntary Dismissal*, in which Plaintiff elects to withdraw his action and preserve his claims for litigation at a later date.

---

[41] *See* D. Alaska Local Civil Rule 15.1.

*Lott v. Metzger, et al.* Case No. 4:22-cv-00001-JMK
Screening Order Page 13
Case 4:22-cv-00001-JMK    Document 19    Filed 10/14/22    Page 13 of 15

3. If Plaintiff does not file either a Second Amended Complaint or a Notice of Voluntary Dismissal on the Court's form by **November 14, 2022**, this case may be dismissed without further notice to Plaintiff, and he risks receiving a strike.[42]

4. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

5. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS01, with "THIRD AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) form PS21, Pro Se

---

[42] Under 28 U.S.C. § 1915(g), any prisoner who files more than three actions or appeals in any U.S. federal court which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in 'imminent danger of serious physical injury."

*Lott v. Metzger, et al.*                           Case No. 4:22-cv-00001-JMK
Screening Order                                    Page 14
Case 4:22-cv-00001-JMK    Document 19    Filed 10/14/22    Page 14 of 15

Notice; (3) form PS12, Pro Se Motion; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "Representing Yourself in Alaska's Federal Court."

7. The Clerk of Court is also directed to amend Docket 7 to reflect that it was Plaintiff's First Amended Complaint.

IT IS SO ORDERED this 14th day of October, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Lott v. Metzger, et al.*  Case No. 4:22-cv-00001-JMK
Screening Order  Page 15
Case 4:22-cv-00001-JMK   Document 19   Filed 10/14/22   Page 15 of 15