| | |
|---|---|
| MIKE LOTT,<br><br>     Plaintiff,<br><br>     v.<br><br>JULIA METZGER; the STATE OF ALASKA; and the STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,<br><br>     Defendants. | Case No. 4:22-cv-00001-JMK |

## **NOTICE OF INTENT TO DISMISS**

Mike Lott ("Plaintiff"), a self-represented prisoner, initially filed a *Prisoner's Complaint under the Civil Rights Act (42 U.S.C. § 1983)* on January 11, 2022.[1] He then filed a First and Second Amended Complaint and several motions.[2] The Court screened Plaintiff's filings pursuant to 28 U.S.C. § 1915A. In the Second Screening Order, the Court again found Plaintiff's filings deficient, denied all the pending motions, dismissed Plaintiff's Second Amended Complaint, and granted "limited, conditional leave to amend."[3]

---

[1] Docket 1.

[2] Dockets 5–10, 12–18.

[3] Docket 19 at 13. An amended complaint replaces the prior complaint in its entity. *See* Local Civil Rule 15.1; *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

On November 4, 2022, Plaintiff Mike Lott, a self-represented prisoner, filed a "NOTICE of Filing State Court Documents," which included four pages of documents.[4] The first page is handwritten and formatted as a federal court filing with the case caption, Plaintiff's signature, and the date. However, the body of the document appears to be a table of contents describing the two documents provided in the following pages. The next pages contain a copy of Superior Court Judgment of Acquittal in *State of Alaska v. Lott,* Case No. 4BE-21-00626CR dated 11/07/2022,[5] and a Dismissal Order in *State of Alaska v. Lott,* Case No. 4BE-21-1125CR dated 10/07/2022.[6]

While the Court may act with leniency towards a self-represented litigant for procedural violations, Plaintiff is not excused from the rules that govern court proceedings. The Court previously has provided Plaintiff with information and opportunities to cure the deficiencies in his filings. In the Second Screening Order, Plaintiff was cautioned that if he did not file a Third Amended Complaint or Notice of Voluntary Dismissal by November 14, 2022, "this case may be dismissed without further notice to Plaintiff, and he risks receiving a strike."[7]

---

[4] Docket 21.

[5] Docket 21 at 2.

[6] Docket 21 at 3–4.

[7] Docket 19 at 13–14.

Case No. 4:22-cv-00001-JMK, *Lott v. Metzger et al*
Notice of Intent to Dismiss
Page 2 of 5
Case 4:22-cv-00001-JMK   Document 22   Filed 01/10/23   Page 2 of 5

Although Plaintiff filed documents before the deadline, "Notices" to the Court are not the proper way to request relief from the Court and will not be considered.[8] If Plaintiff's intent was to amend his Complaint, this fails under Rule 15 of the Federal Rules of Civil Procedure.[9]  If Plaintiff's intent was to submit these documents as evidence, this also is improper and premature.  In federal cases, evidence is provided to the Court either through dispositive motions or at trial in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.[10]

Plaintiff has failed to properly amend his complaint and has shown he either is unwilling or unable to comply with Court orders by failing to timely file responsive documents or otherwise cooperate in prosecuting this action.[11]  Therefore, the

---

[8] Notices of Appearance made by an attorney do not request relief from the Court, but only provides notice and critical information to the Court and the Clerk of Court as to the representation of parties appearing before the Court.

[9] Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1 govern the process for amending pleadings.  In this Court, an amended complaint replaces the prior complaint in its entirety.  In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.

[10] *See* Fed. R. Civ. P. 56 (Summary Judgment); *see generally* Fed. R. Civ. P. 38–53; *see also* Fed. R. Evid.

[11] In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Case No. 4:22-cv-00001-JMK, *Lott v. Metzger et al*
Notice of Intent to Dismiss
Page 3 of 5
Case 4:22-cv-00001-JMK   Document 22   Filed 01/10/23   Page 3 of 5

Court intends to DISMISS THIS ACTION WITH PREJUDICE.[12] The Court finds no other lesser sanction to be satisfactory or effective in this case.[13]

Plaintiff should be cautioned that when a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff must be given a strike.[14] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[15]

Therefore, in the interest of fundamental fairness, the Court will provide Plaintiff with **30 days to voluntarily dismiss this action**, in order to preserve his claims for later litigation and avoid receiving a strike.[16]

**IT IS THEREFORE ORDERED:**

---

[12] A "district court's 'decision to dismiss [an] amended complaint *with prejudice* [may be] appropriate in light of [plaintiffs'] repeated failure to cure the deficiencies in [their] pleadings.'" *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)); *see also* Rule 41(b) of Federal Rules of Civil Procedure (permitting dismissal due to a plaintiff's failure to prosecute or comply with a court order).

[13] *See*, e.g., *Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[14] 28 U.S.C. § 1915(g).

[15] *Id.*

[16] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 4:22-cv-00001-JMK, *Lott v. Metzger et al*
Notice of Intent to Dismiss
Page 4 of 5
Case 4:22-cv-00001-JMK   Document 22   Filed 01/10/23   Page 4 of 5

1.  Plaintiff has 30 days to voluntarily dismiss this action in order to preserve his claims for later litigation and avoid receiving a strike as required by 28 U.S.C. § 1915(g).

2.  If Plaintiff does not respond, the Court will dismiss the action per the required screening of 28 U.S.C. §§ 1915(e) and 1915A for the above stated reasoning and issue a strike against Plaintiff per 28 U.S.C. §1915(g).

3.  The Clerk of Court is directed to send Plaintiff PS 90 Notice of Voluntary Dismissal.

DATED this 10th day of January, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 4:22-cv-00001-JMK, *Lott v. Metzger et al*
Notice of Intent to Dismiss
Page 5 of 5
Case 4:22-cv-00001-JMK   Document 22   Filed 01/10/23   Page 5 of 5